IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE J. HANCOCK, DAVID M. SNELTEN, JOHN J. LISNER, WILLIAM H. COLLINS, DALE A. BOLT, and JONATHAN GALLAGHER, as Trustees of the HEALTH AND WELFARE FUND OF THE EXCAVATING, GRADING AND ASPHALT CRAFT LOCAL NO. 731, | |
| | Hon. John R. Blakey |
| TERRENCE J. HANCOCK, JOHN J. LISNER, DAVID M. SNELTEN, DALE A. BOLT, JONATHAN GALLAGHER, and WILLIAM H. COLLINS, as Trustees of the LOCAL 731, I.B. OF T., EXCAVATORS AND PAVERS PENSION TRUST FUND, | NO. 20 C 5391 |
| Plaintiffs, | Jury Trial Demanded |
| vs. | |
| ECUALINES ENTERPRISES, INC., a dissolved Illinois corporation, | |
| Defendant. | |

## MOTION TO WITHDRAW

NOW COMES Joseph P. Berglund ("Movant"), attorney for the Defendant, ECUALINES ENTERPRISES, INC. ("Defendant"), and move this Honorable Court to grant him leave to withdraw his Appearance as attorney for Defendant, *instanter*, and in support thereof state, as follows:

1. Services provided to Defendant has been competent. All costs and fees incurred in representation of Defendant were reasonable and necessary.

2. Illinois Supreme Court Rule 1.16(b)(7) and ABA Model Rule 1.16(b)(7) provide that counsel may seek withdrawal under circumstances for good cause. In this case, good cause

exists because Defendant's failure to cooperate with Movant has made it unreasonably difficult for the Movant to effectively carry out his employment and representation of Defendant.

3. ABA Model Rule 1.16(b) provides that a lawyer may withdraw if:

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.

4. Circumstances have arisen that have made it unreasonably difficult for Movant to carry out their employment effectively. Irreconcilable differences have arisen between Defendant and Movant. Defendant has not cooperated with Movant in order to allow Movant to effectively represent Defendant in this matter. In addition, Defendant has failed to fulfill an obligation to Movant regarding attorneys' fees due Movant for services rendered to Defendant and continued representation without payment will result in an unreasonable financial burden on Movant who is a solo practitioner.

5. Illinois Supreme Court Rule 1.16(d)(7) provides that upon termination of representation, a lawyer shall take steps to the extent reasonably practical to protect a client's interests, such as giving reasonable notice to the client and allowing time for employment of other counsel.

6. Defendant has been duly notified of this Motion.

7. Defendant has also been notified that FAILURE TO RETAIN OTHER COUNSEL MAY RESULT IN AN ENTRY OF A JUDGMENT AGAINST IT as set forth in the Notice of Motion herewith presented.

8. The last known address of ECUALINES ENTERPRISES, INC. is 6725 S Morgan St., Chicago, IL, 60621.

9. The undersigned has attached an executed Notification of Party Contact Information as required by Local Rule.

10. To the extent reasonably practical to protect Defendant's interests, Movant requests that Defendant be given 21 days to obtain substitute counsel.

WHEREFORE, Joseph P. Berglund requests the following relief:

A. That he be granted leave to withdraw as attorney for ECUALINES ENTERPRISES INC., *instanter*;

B. That Defendant be given 21 days to obtain substitute Counsel, and

C. For such other and further relief as may be appropriate under the circumstances.

Respectfully submitted,

By: /s/ Joseph P. Berglund

Attorney For Ecualines Enterprises, Inc.
Joseph P. Berglund
LAW OFFICES OF JOSEPH P. BERGLUND, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, Illinois 60523-2229
Tel: (630) 990-0234
Email: Berglundmastny@aol.com